IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ESSEX INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff. ) | |
| vs. ) | Case No. 05-0664-CV-W-ODS |
| ) | |
| KISSICK REDD, ) | |
| ROBANDEE UNITED SUPER, INC. ) | |
| d/b/a ROBANDEE APPLEE MARKET, ) | |
| SUPERIOR PROTECTIVE SERVICE, L.L.C., ) | |
| MICHAEL ESLICK, and ) | |
| CITY OF KANSAS CITY, MISSOURI, ) | |
| ) | |
| Defendants. ) | |

ORDER AND OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

Pending is Plaintiff Essex Insurance Company's Motion for Summary Judgment (Doc. #29). For the following reasons, the Motion is granted.

I. BACKGROUND

This is a declaratory judgement action brought by Plaintiff Essex Insurance Company. Plaintiff Essex insured Defendant Superior Protective Services (Superior) with effective dates of October 9, 2003 through October 9, 2004. After a previous suit in District Court was dismissed, Defendant Kissick Redd filed a personal injury suit against Defendants Robandee Apple Market, Superior, Michael Eslick and Kansas City in the Circuit Court of Jackson County Missouri.

In the underlying petition, Defendant Redd claims that she entered the Apple Market to purchase beer on January 22, 2004. Defendant Eslick, a security guard employed by the Apple Market, approached her and told her to move her car. According to Redd, Eslick did not identify himself as a security guard or an employee of the Apple Market. After purchasing the beer, Redd started to leave the store and was allegedly assaulted by Eslick. Redd alleges Eslick put his hands down her pants and inserted his fingers into her vagina while purportedly searching for stolen property. Another store

employee then came over to assist in detaining Redd. When the police arrived, Redd was given a refund for her beer and issued a citation.

The policy held by Superior includes the following exclusion:

2. Exclusions
   This insurance does not apply to:

   a. Expected or Intended Injury
      "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

The policy also includes an "Assault and Battery Exclusion:"

ASSAULT AND/OR BATTERY EXCLUSION

THIS ENDORSEMENT CHANGES THE POLICY

The coverage under this policy does not apply to any claim, suit, cost or expense arising out of assault and/or battery, or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of any Insured, Insured's employees, patrons or other persons. Nor does this insurance apply with respect to any charges or allegations of negligent hiring, training, placement or supervision. Furthermore, assault and/or battery includes "bodily injury" resulting from the use of reasonable force to protect persons or property. The sentence "This exclusion does not apply to 'bodily injury' resulting from the use of reasonable force to protect persons or 'property' is deleted from the Commercial General Liability Coverage Form, Section I, Item 2., Exclusions, a."

The endorsement, included in the policy on October 2003, deletes the final sentence of the Section 2a Exclusion.

Further the policy contains combination endorsement M/E-001(4/00) and reads in part:

COMBINATION GENERAL ENDORSEMENT
* * *

6. Punitive or Exemplary Damages is not covered under this policy, nor are any expenses nor any obligation to share damages with or repay anyone else who must pay damages from same.

2

>       * * *
>       10.    Where there is no coverage under this policy, there is no duty to
>              defend.

Plaintiff filed this Motion for Summary Judgment. Defendant Kansas City filed timely Suggestions in Opposition.  The Court ordered the remaining Defendants to file Suggestions in Opposition, or in the alternative, show cause why Plaintiff's relief should not be granted. To date, the remaining Defendants, including Superior, have failed to do so.

## II. DISCUSSION

### A. Standard

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  See generally Williams v. City of St. Louis, 783 F.2d 114, 115 (8th Cir. 1986).  "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Get Away Club, Inc. v. Coleman, 969 F.2d 664 (8th Cir. 1992).  In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence.  Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588-89 (1986); Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985).  However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the . . . pleadings, but . . . by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).

### B. Duty to Defend

Plaintiff alleges it has no duty to defend or indemnify Superior because the

lawsuit is barred by the assault and battery exclusion. Interpretation of an insurance policy is a matter of state law. American Family Mut. Ins. Co. v. Co Fat Le, 439 F.3d 436, 439 (8th Cir. 2006). Absent of an ambiguity, the Court must enforce the policy as written, giving the language of the policy its ordinary meaning. Trans World Airlines, Inc. v. Associated Aviation Underwriters, 58 S.W.3d 609, 622 (Mo. Ct. App. 2001). This rule of construction applies equally to language appearing in restrictive policy provisions. Harrison v. MFA Mut. Ins. Co., 607 S.W.2d 137, 142 (Mo. 1980). The insured has the burden of proving coverage, and the insurer has the burden of proving that an insurance policy exclusion applies. American Family Mut. Ins., at 439.

An insurer's duty to defend can arise only out of an insurance contract. Fireman's Fund Ins. Co. v. TIG Ins. Co., 14 S.W.3d 230, 232 (Mo. App. 2000). Policies with assault and battery exclusions which contain the language "arising out of" are clear, in that they exclude acts arising out of an assault and battery, including negligent acts. Capitol Indem. Corp. v. Callis, 963 S.W.2d 247, 249 (Mo. App. 1997). The policy held by Superior clearly has an assault and battery exclusion and the underlying claims asserted by Defendant Redd include assault, battery, false imprisonment and negligent infliction of emotional distress. Each of these claims arise out of the initial assault and battery alleged by Defendant Redd.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is granted.


IT IS SO ORDERED.
Date: May 9, 2006                                  /s/ Ortrie D. Smith
                                                                                         ORTRIE D. SMITH, JUDGE
                                                                                         UNITED STATES DISTRICT COURT